UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD LEE ARBUCKLE,

        Plaintiff,

v.                                    Case No. 2:03-cv-107
                                    HON. GORDON J. QUIST

W. COOLMAN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerald Lee Arbuckle, an inmate at the Alger Maximum Correctional Facility (LMF), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants Resident Unit Officer W. Coolman, Case Manager D. McBurney, T. Aleo, Warden B. Bouchard, Hearings Investigator B. Hobson, Hearings Officer L. Maki, Law Librarian T. Larson, and Captain D. Place. Plaintiff's only remaining claim is that defendants McBurney, Larson and Place interfered with his ability to appeal his misconduct conviction. Only defendant McBurney has been served with a summons and complaint.

Plaintiff claims that a false misconduct ticket was written against him on May 28, 2002. Plaintiff states that the reason for such an action was to keep him in a higher custody level and prevent him from being transferred to another facility so that defendants could have plaintiff assaulted and/or murdered. On June 12, 2002, defendant Maki conducted a hearing on the misconduct. Plaintiff was subsequently found guilty. On July 1, 2002, defendant McBurney refused to permit plaintiff to obtain copies of the original appeal of the misconduct conviction. On August 6, 2002, defendant McBurney stated that if plaintiff was stupid enough to give the original appeal to

defendant McBurney, he was smart enough to keep it.  Plaintiff complained to defendant Place, but

no corrective action was taken.  On August 21, 2002, defendant McBurney allegedly refused to

provide plaintiff with an expedited legal mail disbursement form, which provides proof of staff

receipt and mailing.  Defendant McBurney then took the judicial review form.  On August 27, 2002,

plaintiff asked defendant McBurney why he had not yet been given a receipt for the judicial review,

and defendant McBurney replied that he had thrown it in the trash.  Defendant McBurney told

plaintiff that he was not going to be allowed to file any court actions against defendant McBurney.

Plaintiff seeks damages and to have his misconduct conviction expunged from the record.

Defendant McBurnery filed a motion for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure.  Summary judgment is appropriate only if the moving party

establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment

as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

If the movant carries the burden of showing there is an absence of evidence to support a claim or

defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers

to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.*

at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts

showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  While the

evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of

evidence in support of the nonmovant's position will be insufficient.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251-52 (1986).  Ultimately, the court must determine whether there is sufficient

"evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v.*

*Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence

to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff's remaining claim is for a violation of his right to access the courts. Defendant argues that he is entitled to qualified immunity and dismissal of this claim because a state court review of a major misconduct conviction is not a direct appeal, habeas corpus petition or a civil rights claims and only these three underlying claims can be the basis for an access to the courts claim. In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 2180 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 116 S. Ct. at 2180; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request,

*Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents,

*Vandiver*, 1994 WL 677685, at \*1, or when he could have received the material by complying with

the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep

in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property.

 *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at \*2 (6th Cir. July 1, 1993).

Further, in order to state a viable claim for interference with his access to the courts,

a plaintiff must show "actual injury." *Lewis*, 518 U.S. at 349 (1996); *see also Talley-Bey v. Knebl*,

168 F.3d 884, 886 (6th Cir. 1999).  The Supreme Court has strictly limited the types of cases for

which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform
> themselves into litigating engines capable of filing everything from
> shareholder derivative actions to slip-and-fall claims.  The tools it
> requires to be provided are those that the inmates need in order to
> attack their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement.  Impairment of any
> other litigating capacity is simply one of the incidental (and perfectly
> constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals,

habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391

(6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.

*Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed

actual injury to include requirement that action be non-frivolous).

Therefore, the sole issue presented is whether a petition for state court review of a

misconduct conviction could be considered a direct appeal, a habeas corpus application or a civil

rights claim.  Plaintiff claims that he was denied his right to directly appeal his misconduct

conviction.   The state of Michigan has set forth a procedure to allow an inmate to appeal a

misconduct conviction in the state courts.   MCL § 791.255.   That statute states:

> (1) A prisoner aggrieved by a final decision or order of a hearings
> officer shall file a motion or application for rehearing in order to
> exhaust his or her administrative remedies before seeking judicial
> review of the final decision or order.
>
> (2) Within 60 days after the date of delivery or mailing of notice of
> the decision on the motion or application for the rehearing, if the
> motion or application is denied or within 60 days after the decision of
> the department or hearing officer on the rehearing, a prisoner
> aggrieved by a final decision or order may file an application for
> direct review in the circuit court in the county where the petitioner
> resides or in the circuit court for Ingham county.
>
> (3) Within 60 days after the application is filed and the department is
> served, the department shall transmit to the court a certified copy of
> the entire record of the proceedings. In the case of alleged irregularity
> in procedure which is not shown on the record, proof may be
> submitted to the court.
>
> (4) The review shall be confined to the record and any supplemental
> proofs submitted pursuant to subsection (3). The scope of review
> shall be limited to whether the department's action is authorized by
> law or rule and whether the decision or order is supported by
> competent, material and substantial evidence on the whole record.
>
> (5) The court may affirm, reverse or modify the decision or order or
> remand the case for further proceedings.

Defendant has not explained why that procedure is not a direct appeal.  *See Keenan v. Department*

*of Corrections*, 250 Mich. App. 628, 634-635 (2002), which refers to the application under the

statute as an "application for direct review."  Moreover, this court has already dismissed plaintiff's

due process claims under *Edwards v. Balisok*, 520 U.S. 641 (1997), because plaintiff's misconduct

conviction implicated his good time credits and his length of confinement.  Therefore, the Michigan

procedures providing an opportunity to file a Petition for Judicial Review, is at least equivalent to

a petition for writ of habeas corpus, because both procedures attack the conviction and the length of

confinement.   Moreover, although defendant moves for qualified immunity asserting that the law does not prevent  him from denying a prisoner access to the courts when appealing a misconduct conviction, a prisoner cannot be purposefully denied the right to file an appeal of a major misconduct conviction in the state courts.  Otherwise, no corrections official would allow a prisoner to file a Petition for Judicial Review of a major misconduct conviction.  In effect, the MDOC would then have the power to render the procedure provided by MCL § 791.255 meaningless.

Accordingly, it is recommended that defendant's motion for summary judgment (docket #25) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 28, 2005

- 6 -