UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD LEE ARBUCKLE,

    Plaintiff,

v.                                                                     Case No. 2:03-cv-107
                                                                     HON. GORDON J. QUIST

W. COOLMAN, et al.,

    Defendants.

_____/

**OPINION AND ORDER APPROVING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND REINSTATING PLAINTIFF'S FALSE MISCONDUCT CLAIMS**

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on April 28, 2005. The Report and Recommendation recommended that defendants' motion for summary judgment be denied. The Court has received objections from the defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

       Defendants moved to dismiss plaintiff's access to the courts claim involving the denial of plaintiff's state court appeal of a misconduct conviction. Defendants assert that an access to the courts claim cannot exist involving an appeal of a misconduct ticket, because such an appeal is not a direct appeal, a habeas corpus petition, or a civil rights claim. Plaintiff's appeal is a direct appeal which could be the basis for an access to the courts claim.

       In their objections, defendants concede that plaintiff's misconduct conviction did not implicate his good time credits and had no effect on the duration of his sentence. In *Muhammad v.*

*Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* only applies where a plaintiff has lost good time as the result of the misconduct conviction.

Accordingly, plaintiff's claim that his misconduct conviction violated his due process rights must be reinstated in this case. The portion of the order issued by this Court on October 28, 2003, which denied plaintiff's motion for reconsideration of the dismissal this claim, must be vacated. Upon reconsideration, plaintiff's claims relating to his assertion of a false misconduct ticket against defendants McBurney, Aleo, Coolman, Bouchard and Hobson are reinstated in this action.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court. Defendants' motion for summary judgment (docket #25) is DENIED.

IT IS FURTHER ORDERED that plaintiff's claims regarding the filing of a false misconduct ticket against him are reinstated.

FINALLY, IT IS ORDERED that the Clerk shall arrange for service of summons and complaint upon defendants Aleo, Coolman, Bouchard and Hobson.


Dated:  June 21, 2005                                         /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE