UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD LEE ARBUCKLE,

        Plaintiff,        Case No. 2:03-cv-107

v.        HON. GORDON J. QUIST

W. COOLMAN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerald Arbuckle, a prisoner confined at relevant time period at Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Resident Unit Officer W. Coolman, Case Manager D. McBurney, T. Aleo, Warden B. Bouchard, Hearings Investigator B. Hobson, Hearings Officer L. Maki, Law Librarian T. Larson, and Captain D. Place.

Plaintiff claims that as part of a scheme to have plaintiff released to the general population, defendants Coolman and McBurney wrote a false misconduct ticket on plaintiff on May 28, 2002. Plaintiff states that the reason for such an action was to keep plaintiff in a higher custody level and prevent him from being transferred to another facility so that they could have plaintiff assaulted and/or murdered. Defendant Aleo refused to conduct an investigation into the misconduct report and defendant Bouchard failed to "pull" the report. Defendant Hobson refused to investigate or to assist plaintiff in the preparation of his defense.

On June 12, 2002, defendant Maki conducted a hearing on the misconduct, during which defendant Maki refused to allow plaintiff to be heard or to present witnesses. In addition,

plaintiff claims that defendant Maki made the following statement: "Alright Gerald. I talked to Dennis [McBurney] and I now know more about what's happening. Before I decide do you want to sign an agreement to dismiss the suit on Theresa [Larson]?" Plaintiff was subsequently found guilty. On July 1, 2002, defendant McBurney refused to permit plaintiff to obtain photocopies of the original appeal of the misconduct conviction. On August 6, 2002, defendant McBurney stated that if plaintiff was stupid enough to give the original appeal to him, defendant was smart enough to keep it. Plaintiff complained to defendant Place, but no corrective action was taken.

On August 21, 2002, defendant McBurney refused to provide plaintiff with an expedited legal mail disbursement form, which provides proof of staff receipt and mailing. Defendant McBurney then took the judicial review form. On August 27, 2002, plaintiff asked defendant McBurney why he had not yet been given a receipt for the judicial review form, and defendant McBurney replied that he had thrown it in the trash. Defendant McBurney told plaintiff that he was not going to be allowed to file any court actions against defendant McBurney.

On initial review, the case was dismissed. Plaintiff filed a motion for reconsideration that was granted in part, reinstating his access to the courts claim against defendants McBurney, Larson and Place. Defendants then filed a motion for summary judgment. I issued a Report and Recommendation to deny the motion. Defendants filed objections to the recommendation. Based upon those objections, the court reinstated plaintiff's false misconduct claim against defendants McBurney, Aleo, Coolman, Bouchard and Hobson and denied the motion for summary judgment.

Defendants have now filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, seeking dismissal of the two remaining claims. Plaintiff has filed a response and the matter is ready for decision. Because both

sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that the remaining issues should be dismissed because plaintiff has failed to exhaust grievance remedies. Defendants argue that the total exhaustion rule requires the dismissal of the entire complaint since the court has already dismissed plaintiff's other claims for

- 3 -

failure to show exhaustion. *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). However, another panel of the Sixth Circuit has more recently held that *Jones-Bey* was improperly decided. In *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), the court held that the "partial exhaustion rule" is the law of this circuit requiring the dismissal of only those claims that are unexhausted and allowing the case to proceed on the exhausted claims. Since the Sixth Circuit is unable to affirmatively decide this issue, the safest course is to follow this newly established "partial exhaustion rule," until the Supreme Court hopefully resolves this issue later this term in *Williams v. Overton*, 126 S.Ct. 1463 (2006); *Jones v. Bock*, 125 S.Ct. 1462 (2006).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

Plaintiff had asserted that he was on modified access to the grievance process and was denied grievance forms. However, plaintiff has never established that he requested grievance forms for his access to the courts claim or against any specific defendant. Plaintiff could not, however, file a grievance asserting that he was innocent of the misconduct. Decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(1) (effective Oct. 11,

- 4 -

1999 and Nov. 1, 2000). Plaintiff was found guilty of a major misconduct after a hearing conducted by the prison hearings division. *See* MICH. COMP. LAWS § 791.251(2)(a). Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3). Plaintiff's access to the courts claim is that he was denied an opportunity to obtain judicial review of the misconduct hearing in the state courts. However, plaintiff's failure to establish exhaustion of his grievance remedies on his access to the courts claim, in the opinion of undersigned, requires dismissal of that claim.

In the opinion of the undersigned, plaintiff's allegations of a false misconduct ticket and not being present at the hearing or allowed to present evidence is not supported by the record. The misconduct report stated:

> EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT:
> Misconduct report and investigator report read to prisoner. At the hearing the prisoner submitted a statement, which was accepted. Prisoner stated that he never received any notice that he was reclass to general population. This should be four / seven days because he had been reclassed - that is why he was ordered to go to Spruce. Prisoner stated that he had made request for law library material that he never received. Prisoner then cited policy. There is nothing that requires him to take the dufflebag from the officer - the officer could just drop the bag. He had no choice but not to go to Spruce because if he went to Spruce he would get Out of Place or Interference because he refused to take the TB test. Besides, other prisoners would be afraid of him if he didn't have his TB test. This was an unreasonable order. Prisoner had no other comment when asked. PRISONER DID NOT WAIVE TIME LIMITS. Was the prisoner reclassed to GP? If reclassed, was the prisoner held in segregation because of this misconduct? L. Maki 034 June 12, 2002.

Hearing resumed on same day. Memo from McBurney read to the prisoner. Prisoner submitted additional documents and a statement which was accepted. If he wasn't classified to GP, then he can't be released to GP. There needs to be a signature from the deputy and if there was no signature, then he can't be released. If there was a signature, then this should be dismissed as it wasn't heard within the time limits. This also should be dismissed because he refused his TB. There is a conflict - a person can't be released and released at the same time. Even the nurse knows he shouldn't have been written a DDO and I can call her for her opinion. Prisoner had no other comment when asked. Prisoner informed of the decision and sanction prior to leaving the hearing room.

REASON FOR FINDING:
TIME LIMITS: Prisoner was not reclassed to general population because of his refusal to leave segregation. Case manager is credible that there was no reclassification and prisoner is not currently being held in segregation pending this misconduct. Hearing held within time limits.
OPINION: An opinion by the nurse as to the merits of this misconduct report is irrelevant as it is the hearing officer's decision as to whether the order valid or not.
LAW LIBRARY: Prisoner failed to establish that he was denied access to relevant and necessary documents from the law library. Prisoner's recitation of policy certainly indicates he had access to the materials that he required to give his statement.
TB: prisoner wanted to prove that he refused to take a TB test. There is no reason to doubt the prisoner's assertion about the TB test, but his assertion does not provide him with a defense to the charge. No error in not providing this material as it is not necessary nor is it relevant.
FILE: Statement from McBurney is sufficient. Prisoner admits he received no reclassification notice.
DDO: On 5/28/02 the prisoner was given a reasonable and valid order to come to the door and take the dufflebag. Prisoner heard and understood the order as he responded, "No Coolman, I can't go." Prisoner did not take the dufflebag when ordered as several minutes later the officer repeated the order. Prisoner was given an order to take it and he should have taken the bag as ordered. Prisoner claims that he should not have been released from general populations as there was no deputy signature releasing him from segregation and because he refused to take the TB test. Prisoner's claims do not provide him with a defense. First, the order was to take the bag. He didn't follow that order. This order was an order to walk out of the unit and so his claims about TB testing and the deputy's signature do

- 6 -

> not present him with a defense. Second, even if the order could be considered to be an order to leave the unit and even if his release was not in accordance with policy, the prisoner still had to follow the order. According to the Hearing Handbook, the prisoner is to follow all orders and if he believes that an order is wrong from some reason, then he can grieve the matter or take other appropriate action, but he still must follow that order. As far as his claim that he would have been given Out of Place or Interference, this is not a defense. Prisoner would have had authorization to leave as far as the Out of Place and Interference has nothing to do with location.
>
> Prisoner also claimed that he would have been put in jeopardy if he had followed the order as other prisoners would find out that he had not been tested for TB. There is no credible evidence at all that if the prisoner would have followed the order that was given - to take the dufflebag from the officer - that he would have suffered a substantial risk of serious physical harm. This has nothing to do with other prisoners and TB tests.
>
> There is no dispute that the prisoner was given an order to take the bag and he did not do as ordered. None of his claims present him with a recognized defense to the charge. Officer factual and credible in his claims. Charge upheld.

Contrary to plaintiff's claim, it is clear that he received due process of law and that he cannot support his claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that defendants violated his rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motion for Dismissal and/or Summary Judgment (Docket #63) be granted. It is recommended that the court dismiss plaintiff's access to the courts claim without prejudice for failure to establish exhaustion of grievance remedies and dismiss plaintiff's claims regarding his misconduct ticket with prejudice.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 1, 2006